IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON CASADOS and SUSAN MULVANEY,

    Plaintiffs,

v.                                                    No. 10-cv-0751 JAP/SMV

SAFECO INSURANCE COMPANY OF AMERICA;
LIBERTY MUTUAL INSURANCE GROUP, INC.; and
LIBERTY MUTUAL FIRE INSURANCE COMPANY;

    Defendants.

## THIRD AMENDED INITIAL SCHEDULING ORDER

    This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions.[1] Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico." This Court stayed the case until January 31, 2015, to allow the parties to complete settlement negotiations. [Doc. 65]. As the parties have not reached a settlement agreement, the Court will set another Rule 16 scheduling conference, require the parties to meet and confer again, and require the parties to submit an amended Joint Status Report and Provisional Discovery Plan.

    The parties, appearing through counsel or pro se, will "meet and confer" no later than **March 3, 2015**, to formulate a Provisional Discovery Plan. Fed R. Civ. P. 26(f). The time allowed for discovery is generally 150 to 180 days and will run from the Rule 16 initial

---

[1] On February 4, 2014, I was assigned to this case after the retirement of the previous referral judge, the Honorable Alan C. Torgerson, United States Magistrate Judge.

scheduling conference. Initial disclosures under Fed R. Civ. P. 26(a)(1) shall be made within twenty-one days of the meet-and-confer session, if they have not been made already.

The parties will cooperate in preparing an Amended Joint Status Report and Provisional Discovery Plan ("JSR"), following the sample JSR available at the Court's web site. The blanks for suggested/proposed dates are to be filled in by the parties. Actual case management deadlines will be determined by the Court after consideration of the parties' requests. Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **March 17, 2015**.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

A Rule 16 scheduling conference will be held by telephone on **April 8, 2015, at 10:30 a.m.** To connect to the proceedings, the parties shall call Judge Vidmar's Teleconference Line at **(215) 446-3656**, using code **4382538**. Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2).[2] We will also discuss settlement prospects,

---

[2] In preparing the JSR, counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Meet and Confer by:** | **March 3, 2015** |
| **JSR filed by:** | **March 17, 2015** |
| **Initial Disclosures due within 21 days of the meet-and-confer session, but in no event later than:** | **March 24, 2015** |
| **Telephonic Rule 16 Scheduling Conference:** | **April 8, 2015, at 10:30 a.m.** |

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**